904 F.2d 78
 284 U.S.App.D.C. 258
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Charles DRAFFIN, Appellant.
UNITED STATES of America, Appellee,
v.
Donald DRAFFIN, Appellant.
 Nos. 89-3002, 89-3005.
 United States Court of Appeals, District of Columbia Circuit.
 June 13, 1990.
 
 Before STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the January 23, 1990 Order from which these appeals have been taken should be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellants Donald and Charles Draffin were jointly charged by the grand jury with possession of heroin with intent to distribute and possession of cocaine with intent to distribute (both counts in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2). They were also charged with the knowing use and possession of a firearm during and in relation to drug trafficking (in violation of 18 U.S.C. Sec. 924(c)). Both appellants pled guilty in the District Court to one count of possession of cocaine with intent to distribute. The government agreed to seek dismissal of the remaining counts. The District Court found that both appellants were in constructive possession of the gun and therefore added two points under the Sentencing Guidelines to each appellant's sentence. The District Court sentenced Donald Draffin to a prison term of fifty-one months, to be followed by a three-year period of supervised release. The District Court also sentenced Charles Draffin to a prison term of twenty-seven months, to be followed by the same three-year period of probation. A consolidated appeal followed.
 
 
 5
 On appeal, we remanded the record to the District Court solely for a determination as to whether appellants exhibited the scienter required by this Court's decision in Burke v. United States, 888 F.2d 862 (D.C.Cir.1989), for assessment of the two points for firearms possession.
 
 
 6
 On 23 January 1990, the District Court issued an order after reviewing the record in camera. After reiterating our statement in Burke that "constructive possession involves 'knowing dominion and control," Burke, 888 F.2d at 867-68 (quoting United States v. Anderson, 881 F.2d 1128, 1141 (D.C.1989) (emphasis supplied in Burke )), the District Court concluded "that it is more probable than not that both defendants were aware of the presence of the gun, constructively possessed the gun, and purposefully stationed themselves near the gun for protection." Order of 23 January 1990 at 3 (emphasis supplied). By its order on remand, the District Court has satisfied our earlier concern that appellants did not possess the scienter required by Burke. We note that we review a factual finding underlying a sentencing factor and not a conviction. Therefore, proof beyond a reasonable doubt is not required. As we have already noted, "[d]ue process is satisfied as long as facts necessary for sentencing are proved by a preponderance of the evidence." Burke, 888 F.2d at 869 (citing McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986)). See also United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.1989); United States v. Wright, 873 F.2d 437, 441-42 (1st Cir.1989) (Breyer, J.).
 
 
 7
 Appellants' other contentions are without merit.